JOSEPH MOORE, Respondent, v. AMERICAN
EXPRESS COMPANY, Appellant.

St. Louis Court of Appeals, January 5, 1915.

1. MASTER AND SERVANT: Injury to Servant: Safe Place to
Work: Assumption of Risk. Where the superintendent of de-
fendant's stables and a servant whose duties made it necessary
that he should go into the stalls both knew that one of the
horses was vicious and would kick, and the servant suggested
that such horse should be put into a box stall, but was told
by the superintendent that all he had to do was to be careful
and he would not be hurt, he did not assume the risk of an
injury from the horse kicking him when he approached it with
due care, since a servant assumes only such risks as are ordi-
narily incident to the employment and the injury arose out of
the master's negligent failure to exercise ordinary care to
furnish the servant a reasonably safe place in which to work.

2. ————: ————: ————: ————: Reliance on Master's
Promise. Where the superintendent of defendant's stables and
a servant whose duties made it necessary that he should go
into the stalls both knew that one of the horses was vicious
and would kick, and the servant suggested that such horse
should be put into a box stall, but was told by the superin-
tendent that all he had to do was to be careful and he would not
be hurt, such statement by the superintendent conveyed an
assurance of safety to the servant, in the event he was careful;
the rule that an experienced servant may not rely on an assur-
ance of safety from an inexperienced master, where the servant
knows more of the attendant dangers than the master does, not
being applicable, since the superintendent possessed full and
complete knowledge pertaining to the vicious propensities of the
horse. [REYNOLDS, P. J., dissents.]

Appeal from St. Louis City Circuit Court.—*Hon.
Thomas C. Hennings, Judge.*

AFFIRMED.

*Watts, Gentry & Lee* for appellant.

(1) The court erred in overruling this defend-
ant's demurrers to the evidence. A servant injured by

186MoApp38

a vicious horse is entitled to recover from his master only in the event that the vicious disposition of the horse was known to the master, or could have been known to him by the exercise of ordinary care, and was not known to the servant, and that the master failed to warn the servant of the disposition of the horse though he knew the servant was ignorant of it. On the other hand, if the servant knows the horse's disposition as well as his master does and continues in the employment, he cannot recover. Bessemer Land, etc., Co. v. Dubose, 125 Ala. 422; Leigh v. Railroad, 36 Neb. 131; Railroad v. Bresmer, 97 Pa. 103; Cooper v. Portner Brewing Co., 112 Ga. 894; Milby v. Dow Coal & Mining Co., 104 S. W. 860; Arkansas Smokeless Coal Co. v. Pippins, 122 S. W. 113; Eastman v. Scott, 182 Mass. 192; Wilson v. Mining Co., 16 Utah, 392; Knickerbocker Ice Co. v. Finn, 80 Fed. 483; Wooster v. Bliss, 90 Hun 79; Wilson v. Doyle, 17 Sc. Sess. cases (4 Series), 62; Fraser v. Hood, 15. Sc. Sess. cases (4 Series), 178; Cooper v. Cashman, 190 Mass. 75; Stutzke v. Ice Co., 156 Mo. App. 1; 2 Cooley on Torts (3 Ed.), p. 693 (404); Inghams on Animals, sec. 94; Conn. v. Hunsberger, 25 L. R. A. (N. S.) 372; 4 Thompson on Neg., sec. 4041; Douglas v. Scandia Coal Co., 141 N. W. 960; Althardt v. Consolidated Coal Co., 165 Ill. App. 504; Armington v. Providence Ice Co., 33 R. I. 484; McGovern v. Fitzpatrick, 151 N. Y. Supp. 148. The same rule applies to other animals. Farley v. Picard, 29 N. Y. Supp. 802; Miller v. McKesson, 13 N. Y. 195; Clark v. Railroad, 179 Mo. 66. A servant cannot rely upon the master's assurance that a certain thing is all right, when the servant, by his own experience, knows positively that it is not all right and has better means of knowledge than the master has. Knorpp v. Wagner, 195 Mo. 637. The cases in this State allowing recovery by a servant for injuries caused by vicious animals owned by his master do not go the length contended for by plaintiff in this case

and are not authority for upholding the verdict in the case at bar. They merely allow recovery where the master has notice and plaintiff has not. McCready v. Stepp, 104 Mo. App. 340; Stutzke v. Consumers' Ice Co., 156 Mo. App. 1. The rule in other States is the same. Miller v. Kelly Coal Co., 239 Ill. 626; Knickerbocker Ice Co. v. Finn, 80 Fed. 483; Arkansas Smokeless Coal Co. v. Pippins, 92 Ark. 138; Leigh v. Railroad, 36 Neb. 131. The objection to the application of the rule of assumption of risk which is usually made by our courts in cases of defective appliances is not available in such a case as this. A defective appliance can be thrown away or repaired, but a horse's disposition cannot be changed nor would it be right for the owner to sell the horse to another person without revealing what the horse's disposition was, and as soon as that fact was revealed, the prospective purchaser would decline to buy. It is necessary that the horse should be fed. Where the horse is as bad and vicious as plaintiff testified defendant's horse was and it was well known to plaintiff the risk of being kicked is a necessary risk incident to the feeding of such a horse. The Missouri courts, as well as all others, recognize the rule that a defendant assumes a risk of which he knows and which is not the result of negligence on the master's part. Clark v. Railroad Co., 179 Mo. 66.

*J. F. Coyle* and *Charles E. Morrow* for respondent.

(1) The owner or keeper of a vicious animal such as a horse, after knowledge of its vicious disposition, is absolutely liable for any injury done by it to any person in a place where he has a right to be. The *scienter* is the gist of the action. It is not the mere keeping of a vicious animal, but keeping it with knowledge of its vicious propensities. Beckett v. Beckett,

48 Mo. 396; O'Neill v. Blase, 94 Mo. App. 663; Bell v. Leslie, 24 Mo. App. 670; Spring Co. v. Edgar, 99 U. S. 654; Clowdis v. Flume Co., 118 Cal. 315; Marsel v. Bowman, 62 Ia. 315; Muller v. McKesson, 73 N. Y. 195; Rogers v. Rogers, 4 N. Y. St. 373; 2 Cyc. 378, Am. & Eng. Ency. of Law (2 Ed.), 352, 353. Proof of negligence is not necessary. Fowles v. Shellabarger, 50 Mo. 558; Lynch v. McNally, 73 N. Y. 347; Muller v. McKesson, 73 N. Y. 195; Spring Co. v. Edgar, 99 U. S. 654; Strause v. Leipf, 101 Ala. 433, 23 L. R. A. 622; 2 Cyc. 368, 369. (2) It is well settled that a servant can recover for an injury caused by an animal which the master used as a part of his industrial appliances or kept on the premises for other purposes, and if it is vicious or in some other way dangerous to persons doing work by its agency or in its neighborhood and the master was or ought to have been aware of its bad qualities, the master is liable. O'Neill v. Blase, 94 Mo. App. 648; McCreaty v. Stepp, 104 Mo. App. 340; Stultze v. Consumers Ice Co., 156 Mo. App. 1; Cox v. Murphy, 82 Ga. 623; Knickerbocker Ice Co. v. Finn, 80 Fed. 483; Lehigh v. Railroad, 36 Neb. 131; Hammond v. Johnson, 38 Neb. 244; 1 Labatte on Master and Servant, sec. 266; 26 Cyc. 1113; Nooney v. Pacific Express Co., 208 Fed. 274. (a) The defendant's superintendent had actual knowledge of the vicious disposition of the horse and was guilty of negligence in ordering plaintiff to feed the horse by going in the stall from behind and to the side of it. Jones v. American Warehouse Co., 137 N. C. 337; 26 Cyc. 1153. (b) The defendant placed the plaintiff in a position of unusual hazard by instructing him to feed the horse in question, and it was defendant's duty to adopt every reasonable precaution to avoid injury to plaintiff. Defendant should have placed the horse in a box stall where it could have been fed with safety. Claybaugh v. Railroad, 56 Mo. App. 630; Rickhoff v. Heckman, 7 N. Y. Supp. 417; Mack v. Railroad, 123 Mo. App. 531;

Jerrel v. Blackburg Block Coal Co., 154 Mo. App. 552. (3) Whatever may be the law in other jurisdictions, the doctrine of assumed risk in Missouri is of narrow compass. The servant never assumes the negligence of the master. Kelly v. Railroad, 105 Mo. App. 383; Blanton v. Dole, 109 Mo. 64; Curtis v. McNair, 173 Mo. 270; Daken v. Chase & Sons Mer. Co., 197 Mo. 238; George v. Railroad, 225 Mo. 264. Even under the strict rule followed by the Federal courts plaintiff did not assume the risk. Nooney v. Pacific Express Co., 208 Fed. 274. (a) The defendant's superintendent negligently ordered the plaintiff to feed the horse in question in the manner in which he did feed it, and by his assurance lulled plaintiff into a sense of security to conclude that he could do so without being injured. Such an order and assurance absolves plaintiff from contributory negligence and he does not assume the risk. Nooney v. Pacific Express Co., 208 Fed. 274; Fogus v. Railroad, 50 Mo. App. 263; Buckner v. Stock Yards Co., 221 Mo. 700; Holman v. Souther Iron Co., 152 Mo. App. 672; Bennett v. Crystal Carbonate Co., 146 Mo. App. 565; Schlavick v. Friedman-Shelby Shoe Co., 157 Mo. App. 83; Bloomfield v. Worster Construction Co., 118 Mo. App. 254; Smith v. Kansas City, 125 Mo. App. 150; Erwin v. Tel. Co., 173 Mo. App. 508. (b) At least it was the duty of the defendant as master to provide the servant with a reasonably safe way to feed the horse in question, namely, as shown by the evidence, a box stall where the plaintiff would not be required to go behind and to the side of the horse. This was surely a safe method. The plaintiff objected to feeding the horse in the manner directed, but was overruled by defendant's superintendent. The failure to so provide a safe method is negligence on the part of the defendant which the plaintiff did not assume. Fogus v. Railroad, 50 Mo. App. 263; Adolff v. Columbia, etc., Co., 100 Mo. App. 208; Mack v. Railroad, 123 Mo. App. 531.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through being kicked by defendant's horse, and it proceeds on the grounds of negligence. Plaintiff recovered and defendant prosecutes the appeal.

It appears that plaintiff was in the employ of defendant at its stables, and his duties pertained to cleaning harness and feeding a number of defendant's horses. Among the horses assigned to plaintiff to be fed was one known as No. 57. The evidence tends to prove that this horse was vicious, in that it would kick and bite and jump on occasions. There is an abundance of evidence tending to prove that McGowan, defendant's superintendent, was aware of the vicious disposition of the horse and that he had been notified of it several different times. It appears, too, that plaintiff was apprised of the same facts, for he states that he was present when the horse kicked at a negro employee of defendant some months before, and he also heard the negro complain to McGowan, the superintendent, concerning the fact. Plaintiff also says that he had heard one Watrow complain to the superintendent that the horse had kicked at him on another occasion. He also knew the horse kicked one time near the Union Station. Shortly before plaintiff was injured, he had a talk with McGowan, the superintendent, after Watrow was kicked and suggested that McGowan have the horse placed in a box stall where he could feed him without danger of being kicked, and McGowan said, "You go on and take care of that horse in the stall; all you have to do is to be careful, you won't be hurt." A few weeks thereafter, while plaintiff was passing into the stall carrying a measure of oats with which to feed the animal, the horse kicked him, inflicting the injuries complained of, and, moreover, it trampled upon him and became greatly excited for the time. Plaintiff said he did nothing tending to disturb the horse, but

merely said, "Stand over, boy," as he passed into the stall with the oats to feed.

It is argued the court should have directed a verdict for defendant, for it is said a servant may not recover from the master in such circumstances, because it appears that he, as well as the master, knew of the vicious propensities of the horse and must be regarded as having assumed the risk of injuries accruing therefrom. Whatever may be the law on this subject in other jurisdictions, it seems to be settled in this State that the servant assumes only such risks as are ordinarily incident to the employment in which he embarks, and such are said to be risks which arise apart and distinct from those entailed by the master's negligence. In other words, as said in Curtis v. McNair, 173 Mo. 270, 73 S. W. 167, "He only assumes the risk of that which is liable to happen on account of the nature of the business when the master has used reasonable care to avoid such result." [See, also, George v. St. Louis & S. F. R. Co., 225 Mo. 364, 407, 125 S. W. 196; Dakan v. Chase & Sons, Merc. Co., 197 Mo. 238, 266, 267, 94 S. W. 944.] Here, although the suit proceeds on the grounds of negligence between master and servant, the averment is not that defendant furnished plaintiff a defective appliance, but rather that it breached its duty in failing to furnish him a reasonably safe place to perform his work. Plaintiff was not a driver—that is, assigned the task of using the horse in defendant's business—but, as before stated, he was a harness cleaner at the stables whose time was partly occupied in feeding the horses. It appears the horses were stationed in stalls and plaintiff entered within the stall of each beside the horse in the process of feeding. Knowing the disposition of the horse in question, he requested the superintendent to place it in a box stall so that the task of feeding might be performed without encountering the danger of a kick. The petition charges that defendant

breached its duty, not in furnishing plaintiff a vicious horse to feed, but in failing to provide him a reasonable protection as that involved in a box stall while performing his task of feeding a horse which sometimes kicked. In other words, the petition counts rather upon the breach of defendant's obligation to exercise ordinary care in furnishing plaintiff a reasonably safe place to work. If there be negligence with respect of this matter, the risk entailed as a result is one which the servant does not assume by continuing in the employment. [See George v. St. Louis & S. F. R. Co., 225 Mo. 364, 407, 125 S. W. 196.]

It appears defendant might have secured plaintiff's safety in feeding the horse by providing a box stall, and it omitted to do so, although requested. Obviously it may be found that such amounts to a breach of the obligation resting on defendant to exercise ordinary care toward furnishing plaintiff a reasonably safe place in which to work. It is true the superintendent, McGowan, did not promise that a box stall would be provided, but he said: "You go on and take care of that horse in the stall; all you have to do is to be careful, you won't be hurt." These words, of course, convey an assurance of safety to plaintiff, in event he was careful, and the evidence is that he approached the horse on the occasion in question with due care and consideration. Although it be true that an experienced servant may not rely on an assurance of safety from an inexperienced master, where the servant knew more of the attendant dangers than the master did, as is said in Knorpp v. Wagner, 195 Mo. 637, 666, 667, 93 S. W. 961, we believe the principle is without influence in the instant case, for here it appears that the superintendent possessed full and complete knowledge pertaining to the horse and the dangers which inhered in the situation as well as did plaintiff. This being true, it is certain that plaintiff may not be treated as an experienced servant possess-

ing full knowledge of the danger and defendant as inexperienced and without such knowledge. Although it be true that plaintiff knew of the disposition of the horse and that it sometimes kicked, we do not feel that he assumed the risk, when it appears the place might have been rendered safe for his work by such slight effort on defendant's part. He made a full statement concerning the horse, requesting a box stall to be provided and was directed by the superintendent to ''Go on and take care of the horse in the stall'' with the assurance that ''All you have to do is to be careful, you won't be hurt.'' Such a complaint and such an answer in a similar case, it is said by a court of high authority, is tantamount to a complaint with a promise to repair in the case of an ordinary instrumentality. [See Mooney v. Pacific Express Co., 208 Fed. 274.] It appearing that the risk was entailed upon plaintiff through the omission of defendant to exercise ordinary care for his safety, the risk does not fall within the category of those assumed by the servant, according to the rule of decision which obtains in Missouri.

Defendant cites and urges with great force the ruling of the Supreme Court in Clark v. Missouri, K. & T. R. Co., 179 Mo. 66, 77 S. W. 882, as controlling here, but we do not regard the authority in point. It is true that much is said in the opinion in that case, but on the whole the proposition established by the decision amounts to no more than that a servant who is fully advised of the impending danger from the onslaught of a vicious steer may not recover on the breach of the master's obligation to warn against such danger, for, it is said, he knew as much or more than the master could have conveyed through the warning.

The judgment should be affirmed. It is so ordered. *Allen, J.,* concurs; *Reynolds, P. J.,* dissents.